469 P.2d 713

Alfred L. BALLARD, also known as Alfred Louis Ballard, and Annie Muriel Ballard, Plaintiffs-Appellants,

v.

W. R. ECHOLS, Jr., Norma Echols and Storm M. Watkins, Defendants-Appellees,

New Mexico Bank and Trust Company and Lon P. Watkins, Intervenors-Appellees.

No. 8978.

Supreme Court of New Mexico.

April 27, 1970.

Rehearing Denied June 9, 1970.

Chavez & Roberts, Santa Fe, for appellants.

James F. Warden, Carlsbad, for W. R. Echols, Jr., and Norma Echols.

McCormick, Paine, Feezer & Forbes, Carlsbad, for Storm M. Watkins.

Neal & Neal, Hobbs, for intervenor-appellee New Mexico Bank & Trust Co.

Lon P. Watkins, Carlsbad, intervenor-appellee pro se.

OPINION

TACKETT, Justice.

This action was commenced by plaintiffs Ballard in the District Court of Eddy

County, New Mexico, seeking to recover a money judgment against defendants Echols, as a result of an alleged breach of a contract by Echols to purchase an undivided one-half interest in lands in Eddy County. Watkins, claiming an assignment from Echols, was allowed to intervene. Defendants answered, alleging a joint venture. Intervenor New Mexico Bank & Trust Company, alleged that it held certain monies in escrow as a result of certain sales of parcels of the lands, and sought to be relieved as escrow agent. After trial without a jury, the court entered judgment denying plaintiffs their money judgment; ordered a conveyance of an undivided one-half interest in the lands to Echols; ordered a division of the monies held in escrow; and relieved the intervenor (Bank) as escrow agent. The court denied plaintiffs' motion to dismiss for lack of an indispensable party, the Commissioner of Public Lands. Plaintiffs appeal from the denial of that motion.

The parties will be designated as "Ballard," "Echols," "Watkins," and "Bank."

The pertinent facts found by the trial court are as follows: The Land Commissioner auctioned certain state lands in Eddy County. Although Ballard and Echols were the successful bidders, each paying one-half of the initial payment on the contract, the contract of purchase was entered into with Ballard listed as the sole purchaser, pursuant to a prior oral agreement between Ballard and Echols. The City of Carlsbad filed a condemnation case on part of the lands, and Ballard and Echols engaged the services of attorney Watkins to represent them in the matter. Echols conveyed a one-third of his one-half interest in the lands covered by the contract to Watkins, in payment for legal services which conveyance was to Storm Watkins, son of attorney Watkins. On September 30, 1960, Ballard and Echols entered into a purported contract (which was the subject of the suit below) to sell Echols an undivided one-

half interest in the lands covered by Land Office Contract No. 4802 for the sum of $16,875, with annual payments thereon in the sum of $550. No annual payments were made by Echols. The court found there was no consideration for this contract; that it was a sham and subterfuge; that the instrument was void and of no effect; that the parties did not intend an enforceable contract; and that the contract was executed by the parties for the purpose of promoting the interests of the parties in order to establish a purported market value for small tracts to be sold by them to third persons. Thereafter, Ballard and Echols entered into escrow contracts with various third persons for the sale of small tracts of the land. Payments under these contracts were to be placed in a joint checking account of Ballard and Echols, which required both signatures for withdrawal of funds therefrom. The court further found that the contingent fee agreement between Echols and Watkins was made with the knowledge and consent of Ballard; that Ballard had full knowledge of the conveyance to Watkins; and that the main purpose of the joint bank account was to have sufficient funds available to make the annual payments due the State on Contract No. 4802. The court determined, among other things, that the Commissioner of Public Lands was not an indispensable party to the action.

The only issue presented by appellants Ballard is whether the Commissioner of Public Lands was an indispensable party in this case. Appellants contend that the Commissioner of Public Lands has the right to determine who may purchase state lands and cite Application of Dasburg, 45 N.M. 184, 113 P.2d 569 (1941). They deny the court could determine that others than the record purchaser had an interest therein without the Commissioner's consent. We agree with the trial court, however, and hold that the Commissioner of Public Lands was not an indispensable party.

This litigation is between private parties and no actual function or duty of the Commissioner of Public Lands is in any way involved. Swayze v. Bartlett, 58 N.M. 504, 273 P.2d 367 (1954); Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122 (1962). The Commissioner of Public Lands is not a party to this litigation and was never consulted about any arrangements, practices or actions between Ballard and Echols. The rights of the State under the contract of sale are not impaired. This is a simple assignment of an interest, which is enforceable between the parties, with or without the Commissioner's blessing. Section 7–8–21, N.M.S.A., 1953 Comp.

This court stated in Swayze v. Bartlett, supra, what it considers to be the true rule as to the necessity of the Commissioner of Public Lands as a party to litigation between private parties involving state lands:

"  *   *   *  If the controversy involves a question concerning the legality of a state lease, the eligibility of the lessee thereunder, the matter of performance of the lease, reservations, if any, in the lease, or a matter of public policy requiring passage thereon by the commissioner of public lands, then the commissioner is not only a necessary party, but is an indispensable party. If, on the other hand, none of the above questions are involved, a district court should have jurisdiction to adjudicate the issues as between private litigants, liberally allowing, however, intervention to the commissioner, if any public land question is or could be involved in the case."

Considering all the facts of this case, we conclude that the Commissioner of Public Lands is not an indispensable party and appellants' contention in this regard is without merit. Swayze v. Bartlett, supra.

The decision of the trial court is affirmed. It is so ordered.

WATSON and SISK, JJ., concur.